NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| COREY IZEIL HARLEY, | : : : | Civil Action No. 13-7656(JMV) |
| Plaintiff, | : : |  |
| v. | : : | **OPINION** |
| CHARLES E. WARREN, Jr., *et al.*, | : : |  |
| Defendants. | : : |  |

APPEARANCES:

Corey Izeil Harley, #576446/221018C
Northern State Prison
168 Frontage Rd.
P.O. Box 2300
Newark, NJ 07114
  Plaintiff pro se

**VAZQUEZ,** District Judge

  Plaintiff Corey Izeil Harley, an inmate confined in Northern State Prison in Newark, New Jersey, filed this civil rights action on December 16, 2013. (ECF No. 1.) The case was administratively terminated because Plaintiff failed to pay the filing fee or submit a properly completed application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (ECF No. 2.) On February 6, 2014, Plaintiff filed an IFP application, which was granted. (ECF Nos. 4, 6.) Plaintiff filed an Amended Complaint on October 30, 2014. (ECF No. 7.) Subsequently, the Court dismissed Plaintiffs' First and Second Amended Complaints without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be

granted. (ECF Nos. 10, 11, 13, 14.) This matter comes before the Court for screening of Plaintiff's Third Amended Complaint. (ECF No. 19.)

I.  BACKGROUND AND THIRD AMENDED COMPLAINT

The following factual allegations are taken from the Third Amended Complaint (ECF No. 19) and are accepted as true for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On July 27, 2013, Plaintiff was in a fight with another inmate, Maurice Mosely, who had murdered Plaintiff's brother. (ECF No. 19, ¶19.) The warden of New Jersey State Prison, Charles E. Warren, was notified of the history between Mr. Mosely and Plaintiff, and he placed a "Keep Separate Flag" on both of their files. (*Id.*) Nevertheless, the inmates were placed on the same housing unit, and the fight ensued. (*Id.*) Plaintiff further alleges:

> The defendants were notified prior to the incident by Administrator Beverly Hastings verbally and/or in writing of the risk factors of housing both [Plaintiff] and inmate Maurice Mosely, but the defendants deliberately did nothing to alleviate the probability of injury.

(*Id.*, ¶39.)

Plaintiff injured his hand during the fight with Mosely, and his hand became infected. (*Id.*, ¶19.) His requests to see a doctor or to go to a hospital were denied by Lance Carver, a nurse practitioner at New Jersey State Prison. (*Id.*) As a result of this denial, the infection became worse, and Plaintiff had to undergo surgery on August 19, 2013. (*Id.*) After surgery, Dr. Shakir signed a written order for Plaintiff to receive physical therapy. (*Id.*) The New Jersey State Prison Medical Department denied the order for physical therapy, and Plaintiff's finger healed improperly and is paralyzed. (*Id.*)

Plaintiff alleges he notified Warden Charles E. Warren, Associate Administrator Kenneth Nelson, Assistant Superintendent Jim Barnes, Assistant Superintendent Suzanne Lawrence, Lt. Kennedy, Nurse Practitioner Lance Carver, CMS employee Nurse Gallagher, CMS employee Nurse Milroy, CMS employee Dr. Abu Ahsan, Defendant Sharon Niery, and Defendant Ms. West of the problems he had with the medical department not providing treatment. (ECF No. 19, ¶¶9-17, 20-30.) They did nothing to rectify the problem, according to Plaintiff, in violation of the First, Fourth, Eighth and Fourteenth Amendments. (*Id.*)

## II. DISCUSSION

A. *Sua Sponte* Dismissal

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), district courts must screen complaints filed by prisoners in civil actions and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.). "[A] court must accept as true all of the allegations contained in a complaint" but need not accept legal conclusions as true." *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While

legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

B.  Section 1983 claims

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

   1.  First and Fourth Amendment Claims

The First Amendment states:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

4

Plaintiff's allegations do not implicate the First or Fourth Amendment. Therefore, the Court dismisses with prejudice Plaintiff's § 1983 claims under the First and Fourth Amendments, and the identical claims under the New Jersey Constitution and New Jersey Civil Rights Act. *See Coles v. Carlini*, 162 F.Supp.3d 380, 404 (D.N.J. 2015) ("[c]ourts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart: Section 1983") (quoting *Chapman v. New Jersey*, No. 08–4130, 2009 WL 2634888, at *3 (D.N.J. Aug. 25, 2009)).

2. Claims Against Remote Supervisory Officials

Plaintiff named as defendants to this action Governor Chris Christie; Gary M. Lanigan, Commissioner of the New Jersey Department of Corrections; and Bruce Hauck, Director of the New Jersey Department of Corrections. (ECF No. 19, ¶¶6-8.) Plaintiff seeks to hold them liable based on their supervisory roles over the New Jersey Department of Corrections. (*Id.*)

Under 42 U.S.C. § 1983, "government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 129 S.Ct. at 676. Plaintiff has failed to allege facts indicating Governor Christie's, Commissioner Lanigan's or Director Hauck's personal involvement in a constitutional violation. Therefore, the Court dismisses the § 1983 claims against Christie, Lanigan and Hauck. Dismissal is with prejudice because, after three opportunities to amend his pleadings to include allegations of their personal involvement in a constitutional violation, Plaintiff has failed to do so. Thus, the Court concludes these supervisory defendants were not personally involved, and amendment is futile. The claims against them are dismissed with prejudice.

3. Eighth Amendment Failure to Protect Claims

The Eighth Amendment requires prison officials to take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833

(1994) (internal quotations omitted). To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. *Id.* at 834; *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997). Negligent failure to prevent an attack by an inmate is insufficient to establish violation of the Eighth Amendment. *Davidson v. Cannon*, 474 U.S. 344, 345-49 (1986) (finding failure to heed prisoner's notification of threats from another inmate, followed by an assault, is not a violation of the Due Process Clause of the Fourteenth Amendment); *Schwartz v. Cnty of Montgomery*, 843 F.Supp. 962, 971 (E.D. Pa.) *aff'd* 37 F.3d 1488 (3d Cir. 1994) (stating failure to observe institutional policies regarding supervision of dangerous inmates constitutes negligence and does not support a § 1983 action for violation of the Eighth or Fourteenth Amendments).

Plaintiff has not alleged facts plausibly showing deliberate indifference to his safety by any of the defendants. Plaintiff acknowledges that a "Keep Separate Flag" was put in his and Moseley's prison files in response to the information that Moseley had killed Plaintiff's brother. The fact that the "Keep Separate" order was not followed sounds in negligence rather than deliberate indifference. Negligent failure to protect an inmate from an attack does not violate the Eighth Amendment. *See Bracey v. Pennsylvania Dep't of Corr.*, 571 F. App'x 75, 78-79 (3d Cir. 2014) (violation of prison policy "is insufficient by itself to support an argument for deliberate indifference") (quoting *Longoria v. Texas*, 473 F.3d 586, 593 n. 9 (5th Cir. 2006)). The Court dismisses the Eighth Amendment claim with prejudice because amendment is futile where deliberate indifference cannot be established. *See Rex v. Lehigh County Prison*, 516 F. App'x 102, 104 (3d Cir. 2013) (affirming dismissal of Eighth Amendment claim with prejudice because

6

conduct alleged did not provide any basis for deliberate indifference). The Court also dismisses Plaintiff's identical claims under the New Jersey Constitution and New Jersey Civil Rights Act. *See Rand v. New Jersey*, Civ. No. 12–2137 (FLW), 2015 WL 1116310, at *8-10, n.8 (D.N.J. Mar. 11, 2015) (analyzing state and federal constitutional claims based on failure to protect an inmate from violence under the same standard).

4. Eighth Amendment Inadequate Medical Care

The Eighth Amendment's prohibition against cruel and unusual punishment requires that inmates be provided adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999). To state a claim of inadequate medical care in violation of the Eighth Amendment, an inmate must set forth: (1) a serious medical need; and (2) a prison official's deliberate indifference to that serious medical need. *Estelle*, 429 U.S. at 106. A serious medical need includes a need for which "denial of treatment would result in the unnecessary and wanton infliction of pain" or a "life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 273 (3d Cir. 2003) (internal quotations and citations omitted).

The second element of the *Estelle* test is subjective and requires an inmate to show that a prison official acted with deliberate indifference to a serious medical need. *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Conduct that constitutes malpractice or negligence does not rise to the level of deliberate indifference; deliberate indifference is a reckless disregard of a known risk of harm. *Farmer*, 511 U.S. at 836. Courts will not second-guess "the adequacy a particular course of treatment" in the exercise of sound professional judgment. *Inmates v. Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). A non-physician defendant is not deliberately indifferent to a prisoner's serious medical needs in violation of the Eighth

7

Amendment if she fails to respond to an inmate's administrative complaint regarding medical treatment while the inmate is already receiving treatment by the prison doctor. *Durmer v. O'Caroll*, 991 F.2d 64, 69 (3d Cir. 1993). Eighth Amendment claims against non-medical personnel based on an unmet need for medical care are limited to circumstances where the non-medical personnel had "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

In his Third Amended Complaint, Plaintiff alleges Defendant Lance Carver refused his requests to see a doctor or to go to a hospital for treatment of the bite injury to his hand, which then became infected to the bone. (ECF No. 19, ¶19.)[1] As a result of the denial of treatment, Plaintiff had to undergo surgery on August 19, 2013. (*Id.*) These allegations plausibly state an Eighth Amendment claim.

Plaintiff also alleges that the entire medical department at the prison refused to order physical therapy for the rehabilitation of his hand, as prescribed by Dr. Shakir. (*Id.*) Further, Plaintiff alleged he notified the prison official defendants that the entire medical department refused to provide the prescribed physical therapy. (*Id.*, ¶¶20-24.) Plaintiff asserts the failure to provide physical therapy caused paralysis of his finger and improper healing. (*Id.*)

---

[1] In his First Amended Complaint, Plaintiff alleged Carver glued his wound shut but provided no medication. (ECF No. 7, ¶22.) This Court rejected Plaintiff's Eighth Amendment claims because disagreement with Carver's medical judgment does not constitute deliberate indifference. (ECF No. 10 at 9-10.) The Third Amended Complaint supersedes the prior complaints. *See West Run Student Housing Associates, LLC v. Huntington Nat. Bank*, 712 F.3d 165, 172 (3d Cir. 2013) (contradictory factual allegation in amended complaint is permitted because earlier allegation is no longer a binding judicial admission in light of amendment) (citations omitted). Therefore, the Court, in screening the Third Amended Complaint, does not consider the previous allegation that Carver examined Plaintiff and glued his wound shut.

The Court will permit Plaintiff's Eighth Amendment inadequate medical care claims to proceed based on Plaintiff's allegations that (1) he received no treatment at the prison for his bite wound; (2) that his wound became infected to the bone, and he required surgery as a result of the lack of treatment; (3) his please for prescribed physical therapy were ignored; (4) and his hand is permanently damaged as a result of the failure to timely provide physical therapy. Plaintiff's identical claims under the New Jersey State Constitution and the New Jersey Civil Rights Act may also proceed. *See Gormley v. Wood-El*, 218 N.J. 72, 97 (N.J. 2014) ("Section 1983 applies only to deprivations of federal rights, whereas N.J.S.A. 10:6–1 to 2 applies not only to federal rights but also to substantive rights guaranteed by New Jersey's Constitution and laws.")

III. CONCLUSION

For the reasons discussed above, Plaintiff's Eighth Amendment inadequate medical care claims may proceed[2] against Defendants Lance Carver, Charles E. Warren, Kenneth Nelson, Jim Barnes, Suzanne Lawrence, Lt. Kennedy, Sharon Niery, Ms. Gallagher, Ms. Milroy, Ms. West, and Dr. Abu Ahsan. Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), the remainder of the Third Amended Complaint is dismissed with prejudice.

An appropriate order follows.

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge

Date: October 4, 2017
At Newark, New Jersey

---

[2] As noted, the Court is performing a screening function at this stage. Defendants are not prohibited from litigating the case as they see fit, including filing a motion to dismiss if they believe it appropriate.

9