# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **COREY IZEIL HARLEY,** | : | |
| Plaintiff, | : | Civil Action No. 13-7656 (JMV) |
| v. | : | |
| **NJSP ADMINISTRATOR CHARLES E. WARREN, et al.,** | : | **OPINION AND ORDER** |
| Defendants. | : | |

**THIS MATTER** comes before the Court on Motions by *pro se* Plaintiff Corey Izeal Harley ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e) [ECF Nos. 43, 44].[1] Defendant Lt. Kennedy takes no position on Plaintiff's Motions [ECF No. 46], and the Motions are unopposed by all other Defendants. For the reasons set forth below, Plaintiff's Motions for the appointment of *pro bono* counsel [ECF Nos. 43, 44] are **DENIED**.

Plaintiff initiated this action on December 16, 2013 by filing a Complaint and an application to proceed *in forma pauperis*. ECF No. 1.[2] Following the denial of Plaintiff's *in forma pauperis* application, Plaintiff submitted a new application with the required documents. ECF No. 4. Plaintiff also filed an Amended Complaint on October 30, 2014. ECF No. 7. On November 2, 2015, the Court granted Plaintiff's *in forma pauperis* application and ordered the Clerk of Court to file Plaintiff's Amended Complaint. ECF No. 8. The Amended Complaint was subsequently dismissed on July 22, 2016 without prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), but providing the right for Plaintiff to file a second amended

---

[1] Plaintiff filed two duplicative motions for the appointment of pro bono counsel. *See* ECF Nos. 43, 44.
[2] On January 7, 2014, the Court denied Plaintiff's *in forma pauperis* application without prejudice and with the right to submit a revised application within thirty days. *See* ECF No. 2.

complaint within forty-five days. ECF No. 11.

On August 31, 2016, Plaintiff filed a motion to amend with a proposed Second Amended Complaint. ECF No. 12. On October 20, 2016, the Court subsequently granted Plaintiff's motion to amend, but dismissed Plaintiff's Second Amended Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(1), providing the right for Plaintiff to file a third amended complaint to address identified deficiencies within forty-five days. ECF No. 14. Plaintiff thereafter filed his Third Amended Complaint on August 31, 2017. ECF No. 19. Plaintiff's claims in his Third Amended Complaint arise from Defendants' alleged inadequate medical care for an injury to his hand. *See id.* at pp. 4-7. On October 4, 2017, the Court permitted Plaintiff's Eight Amendment inadequate medical care claims against Defendants Lance Carver, Charles E. Warren, Kenneth Nelson, Jim Barnes, Suzanne Lawrence, Lt. Kennedy, Sharon Niery, Ms. Gallagher, Ms. Milroy, Ms. West, and Dr. Abu Ahsan to proceed; all other claims were dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) with prejudice. *See* ECF Nos. 20, 21. Defendants Lance Carver, Suzanne Lawrence, Lt. Kennedy, Ms. Gallagher, and Ms. Milroy have all filed Answers to Plaintiff's Third Amended Complaint. *See* ECF Nos. 28, 35, 37, 48, 56.[3]

Plaintiff now seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the

---

[3] The summonses to Charles E. Warren, Kenneth Nelson, Jim Barnes, Sharon Niery, and Ms. West were returned unexecuted. *See* ECF Nos. 25, 26, 31. The summons for Dr. Abu Ahsan was not returned.

action arguably has merit, it should then consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses; and
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 458).

As to the initial question of whether Plaintiff's claims have merit, the Court notes that Plaintiff's remaining claims were screened by the Court and allowed to proceed; therefore, for the purposes of the present motions, the Court will assume that Plaintiff's surviving claims have at least some merit. Presently, regardless of whether or not Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v. Philadelphia Federation of Teachers,* 2000 WL 1022979 at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture). With respect to the *Tabron*

3

factors, Plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.

Plaintiff's filings with the Court thus far reflect literacy and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint, an application to proceed *in forma pauperis*, three Amended Complaints, several letters to the Court, and the present Motions for the appointment of *pro bono* counsel. These filings themselves demonstrate that Plaintiff is able to present his case. As such, the first *Tabron* factor weighs against Plaintiff. Although Plaintiff claims otherwise, the legal issues are not complex, which also weighs against appointment. Plaintiff states in his application that he "has no ability on his own to investigate the facts of the case, for example, by locating and deposing the defendant's [sic]; obtaining medical records regarding the incidents." ECF No. 43 at p. 7; ECF No. 44 at p. 7. Under the Pretrial Scheduling Order, the parties are currently engaged in written discovery. *See* ECF No. 51. Plaintiff has also filed a copy of his First Request for Production to defendants with the Court. *See* ECF No. 53. At this stage in the litigation, nothing in the record indicates that Plaintiff is unable to complete written discovery.

Moreover, at this stage in the litigation, the extent to which the case is likely to turn on credibility determinations, and whether Plaintiff will require expert witnesses is unclear. The Court acknowledges that Plaintiff is of limited financial means and unable to afford his own counsel. While the sixth *Tabron* factor may weigh slightly in Plaintiff's favor, this fact alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 410 (D.N.J. 2002) (denying application for pro bono counsel where indigency was the only one of the six factors . . . weigh[ing] in favor of appointment of counsel).

The Court recognizes that issues may arise throughout the course of this litigation which

may raise a question as to Plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this **16th** day of **January, 2019**,

**ORDERED** that Plaintiff's Motions for the appointment of *pro bono* counsel [ECF Nos. 43, 44] are **DENIED WITHOUT PREJUDICE**.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**