UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **COREY IZEIL HARLEY**, | Civil Action No. 13-7656 (ES) |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| **NJSP ADMINISTRATOR CHARLES E. WARREN, et. al.**, | |
| Defendants. | |

**CLARK, Magistrate Judge**

This matter comes before the Court on a motion by *pro se* Plaintiff Corey Harley to substitute a party pursuant to Federal Rule of Civil Procedure 25(a), due to the death of named Defendant Lance Carver, RN ("Nurse Carver"). Dkt. No. 117. Defendants Carol Milroy, RN, Carol Gallagher, APRN, and the now deceased Nurse Carver (collectively, "Medical Defendants") oppose the motion and argue that their motion for summary judgment should be reinstated. Dkt. No. 120. In his reply brief, Plaintiff requests leave to file a supplemental pleading and also opposes the Medical Defendants' request to reinstate their motion for summary judgment. Dkt. No. 125. The Court reviewed the parties' submissions in support and in opposition of Plaintiff's motion to substitute and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiff's motion to substitute a party is **DENIED** and Plaintiff's request to supplement the complaint is **DENIED**. However, the Medical Defendants are to provide Plaintiff with the name of the executor or representative of Nurse Carver's estate, after which the Court will allow

1

Plaintiff 30 days to file a new and proper motion to substitute said representative. Finally, Defendants' motion for summary judgment shall be reinstated following the expiration of the 30 days.

## I. BACKGROUND

This action concerns *pro se* Plaintiff Corey Izeil Harley, an inmate at New Jersey State Prison and Baystate State Prison at all times relevant to the allegations, who brought suit against the Medical Defendants alleging deliberate indifference to his medical needs in violation of 42 U.S.C. § 1983 and the Eighth Amendment of the United States Constitution. Dkt. No. 120. On December 11, 2019, the Court entered a Scheduling Order in this matter. Dkt. No. 51. On November 18, 2020, counsel for Nurse Carver wrote to the court to advise that Mr. Carver had passed away. Dkt. No. 74. Following the completion of discovery, the Medical Defendants moved for summary judgment on February 25, 2022. Dkt. No. 98. As part of their arguments in support of summary judgment, the Medical Defendants assert that Plaintiff failed to timely substitute a proper party pursuant to Fed. R. Civ. P 25 despite receiving notice of Nurse Carver's death. Dkt. No. 98. In opposition, Plaintiff claims he never received notice of Carver's death. *See* Dkt. No. 110 at ¶ 91.

On January 6, 2023, the Court entered an Order finding that because counsel served Plaintiff with the suggestion of death letter via regular mail, the Court could not verify whether Plaintiff actually received the letter. Dkt No. 116. The Court therefore stated that "[i]n an abundance of caution," it would provide Plaintiff with an additional copy of the suggestion of death letter, "which shall constitute sufficient notice under Rule 25." *Id.* The Court then allowed Plaintiff 90 days after receiving the suggestion of death letter to either file a motion to substitute a party for Nurse Carver in compliance with Rule 25(a)(1) and Rule 25(a)(3) or voluntarily

dismiss the claims against Nurse Carver. *Id.* On April 10, 2023, the Court received Plaintiff's instant motion to substitute a party for Nurse Carver. Dkt. No. 117.

The Medical Defendants argue that Plaintiff's motion should be denied because Plaintiff has failed to file a brief or certification as required by L. Civ. R. 7.1(d)(1) and because Plaintiff has not named a substitute party. Dkt. No. 120. Rather, the motion seeks an order granting substitution of Carver with a "fictitious 'Jane or John Doe.'" *Id.* Consequently, the Medical Defendants argue, Plaintiff has failed to satisfy the service requirements in accordance with Fed. R. Civ. P. 4, as required by Fed. R. Civ. P. 25(a)(3), because an unnamed party cannot be served. *Id.* In response, Plaintiff seeks to cure the defects of his motion to substitute for Nurse Carver by filing a supplemental pleading in accordance with Rule 15(d), and he further opposes the reinstatement of summary judgment. Dkt No. 125.

## II.    DISCUSSION

### A.    Motion to Substitute a Party

#### 1.    Legal Standard

Motions to substitute parties are governed by Federal Rule of Civil Procedure 25, which provides, in relevant part:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

The service provision of the same rule, in turn, provides in pertinent part as follows: "A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3).

A substitution under Rule 25 is analyzed by considering "whether (1) the motion is timely;

3

(2) the claims pled are extinguished; and (3) the person being substituted is a proper party." *Cuoco v. Palisades Collection, LLC*, No. CIV.A. 13-6592 JLL, 2014 WL 956229, at *3 (D.N.J. Mar. 11, 2014) (*quoting Veliz v. Cintas Corp.*, No. 03–1180, 2008 WL 2811171, at *1 (N.D.Cal. July 17, 2008)).

Although the decision to substitute a party lies within a court's discretion, *see McKenna v. Pac. Rail Serv.*, 32 F.3d 820, 836 (3d Cir. 1994), Rule 25 motions to substitute are generally granted. *In re Baycol Products Litig.*, 616 F.3d 778, 783 (8th Cir. 2010) (*citing* Rule 25's advisory committee note of 1963); *see also Cuoco*, 2014 WL 956229, at *3 ("While the trial court does have the discretion to deny the motion, such a denial, without cause, is rare."). The Third Circuit embraces a liberal approach to Rule 25 and applies it with "flexibility" to permit substitution. *Boggs v. Dravo Corp.*, 532 F. 2d 897, 900 (3d Cir. 1976) (holding that the district court erred in denying motion to substitute, reasoning that "there is no question but that a timely motion brought by the Administratrix of a deceased party is within the terms of the Rule's operation.").

It is not currently disputed that the present motion is untimely, nor that the claims pled are technically extinguished. Rather, the issue at hand stems from whether a proper party is being substituted and whether or not service was proper, which raises a jurisdictional issue.[1]

### 2. Proper Party

"Rule 25 only permits the substitution of 'proper parties.'" *Cuoco*, 2014 WL 956229, at *10 (*cititng Graham v. Henderson*, 224 F.R.D. 59, 63 (N.D.N.Y.2004); *see also* Fed. R. Civ. P. 25(a)(1); *Giles v. Campbell*, 698 F.3d 153, 155 (3d Cir. 2012); *Sinito v. U.S. Dep't of Justice*, 176

---

[1] Although Plaintiff's motion was deficient in that it only consisted of a notice of motion, the Court will use its discretion to overlook the procedural deficiencies in order to decide this issue on the merits, with instructions for Plaintiff to follow all Federal and local civil rules in the future. *See Ameriprise Fin. Servs. v. Koenig*, 2012 WL 379940, *8 n.9 (D.N.J. Feb. 6, 2012) (stating the Court "in its discretion will overlook the procedural irregularities in deciding the merits of this case); *Naderi v. Concentra Health Servs., Inc.*, No. CV2118958JXNAME, 2023 WL 4896773, at *2 (D.N.J. Aug. 1, 2023).

4

F.3d 512, 516 (D.C. Cir. 1999) ("It is axiomatic that Rule 25 limits properly substituted parties to those individuals who can adequately represent the interests of the deceased party."). The Eighth Circuit Court of Appeals has explained that a proper party in relation to a decedent's estate can be either "(1) the primary beneficiary of an already distributed estate ... (2) named in a will as the executor of the decedent's estate, even if the will is not probated ... or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." *Baycol*, 616 F.3d 784-85; *see also Ashley v. Illinois Cent. Gulf R. Co.*, 98 F.R.D. 722, 724 (S.D.Miss.1983) (*citing Rende v. Kay*, 415 F.2d 983 (D.C. Cir. 1969)) (explaining that "[u]nless the estate of a deceased party has been distributed at the time of the making of the motion for substitution, the 'proper' party for substitution would be either the executor or administrator of the estate of the deceased. 'Successors' would be the distributees of the decedent's estate if his estate had been closed."). This is significant because, "[a]n estate is not a person or a legal entity and cannot sue or be sued; an estate can only act by and through a personal representative and therefore any action must be brought by or against the executor or representative of the estate." *Revock v. Cowpet Bay W. Condo. Ass'n*, No. 3:12-CV-0024, 2020 WL 6471017, at *3 (D.V.I. Nov. 3, 2020); *quoting LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 956 (9th Cir. 2020) (holding that refusal to allow "the 'estate,' as a mere concept, to be joined as a party" was valid because "the request to add an unknown, and perhaps nonexistent, executor [under Rule 25(a)] is clearly improper" where it has not been shown "who the correct legal representative of [the decedent's] estate was or is.").

Here, Plaintiff was given the opportunity to submit a motion to substitute parties after claiming he was not served with notice of Nurse Carver's death. Dkt. No. 116. In said Order, the Court explicitly stated that the motion be "in compliance with Rule 25(a)(1) and Rule 25(a)(3)." *Id.* Yet, in his motion to substitute, Plaintiff did not comply with Rules 25(a)(1) and 25(a)(3).

Specifically, Plaintiff failed to (1) name a proper party for the suit, and (2) serve said proper party. Further, Plaintiff makes a bare assertion that the "Estate of Lance Carver" be named without addressing who the proper representative of the estate is. As the pertinent authorities clearly establish, a specific individual must be named and served in connection with a motion to substitute. In seeking to substitute a John or Jane Doe or simply the Estate of Lance Carver rather than naming a real party, Plaintiff's motion makes it impossible to serve the substituted party pursuant to Rule 4. Therefore, a proper party to be substituted has not been identified and the motion to substitute is facially deficient.

### 3. Proper Service and Jurisdiction

Further, the failure to serve a nonparty means the Court lacks personal jurisdiction over said nonparty. When determining whether a party is proper, a court must also address "whether it has personal jurisdiction over the party to be substituted." *Revock,* 2020 WL 6471017, at *3; *citing Giles*, 698 F.3d at 155. A motion to substitute must be served on nonparties as provided in Rule 4. Fed. R. Civ. P. 25(a)(3). "Personal service under Rule 4 serves two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the court's assertion of jurisdiction over the lawsuit." *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir.1992). "[W]here the parties to a lawsuit have failed to serve the motion to substitute and the suggestion of death upon a nonparty—such as a successor or representative of the deceased party's estate—a district court lacks personal jurisdiction over that nonparty." *Revock,* 2020 WL 6471017, at *4; *see Giles,* 698 F.3d at 158 (explaining that the rationale for this rule is "jurisdictionally rooted" in that the representative of the estate must be served under Rule 4 to establish personal jurisdiction.); *Ayres v. Jacobs & Crumplar, P.A.,* 99 F.3d 565, 570 (3d Cir.1996) (holding that personal jurisdiction is not conferred if service under Rule 4 is not properly effected);

6

*Ransom v. Brennan*, 437 F.2d 513, 519 (5th Cir.1971) (same).

Here, the Court does not have jurisdiction over Nurse Carver's estate since the estate was never served through a personal representative. However, Plaintiff was never informed regarding the proper executor or representative of Nurse Carver's estate, and given his *pro se* and incarcerated status such information is not readily accessible to Plaintiff. Courts have followed the rule that:

> [W]hen it is a defendant who has died and it is his heirs or distributees who wish to put an end to litigation which does not abate because of death, the various facets of rule 25(a)(1) must be satisfied. The statement of the fact of death must be made by a party or by the decedent's appointed representative…The statement must identify the person who has been named as the representative of the decedent's estate.

*Al-Jundi v. Estate of Rockefeller*, 757 F. Supp. 206, 210 (W.D.N.Y. 1990); *see also Bass v. Attardi*, 868 F.2d 45, 50 n. 12 (3d Cir.1989) (*quoting Rende*, 415 F.2d at 986 (expressing concern that if defendant's attorney could file the suggestion of death, it would effectively shift the burden to the plaintiff "to locate the decedent's successor or representative in 90 days.")); *Cuoco*, 2014 WL 956229, at *7 ("a defendant's attorney may not file a suggestion of death in a nefarious manner to impose an unreasonable burden on a plaintiff.").

The idea behind this rule is to prevent Rule 25 from being "used as a weapon by civil defense attorneys to 'place on plaintiff the burden, where no conventional representative was appointed for the estate in probate court, of instituting machinery in order to produce some representative of the estate ad litem.'" *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir.1998) (*quoting Rende,* 415 F.2d at 986 (holding a suggestion of death filed by the attorney of the deceased client that did not name his widow, who was the executrix of his will, was not sufficient to trigger the ninety-day period for filing a motion to substitute under Rule 25(a)(1)).)

In *Giles*, the plaintiff, an incarcerated individual, sought to have a deceased defendant

7

substituted with his estate. 698 F.3d at 154. The District Court denied the motion to substitute. *Id.* at 155. On appeal, the Third Circuit Court of Appeals held that because the estate was not served pursuant to Rule 4, the suggestion of death was considered a nullity and the District Court lacked jurisdiction over the estate. *Id.* at 159. Thus, the court vacated the denial of the plaintiff's motion to substitute and remanded for the plaintiff to have an opportunity to refile his motion to substitute and serve the proper representative of the estate. *Id.*

In this matter, the suggestion of death letter, [Dkt. No. 74], did not contain the name of the executor or other representative of Nurse Carver's estate. Being that courts have been mindful of a deceased defendant's counsel unfairly placing the burden of locating the representative of the estate on a plaintiff, the Court will follow *Giles* and permit Plaintiff to properly refile his motion to substitute. This is especially critical given Plaintiff's *pro se* and incarcerated status.

Thus, Plaintiff's current motion to substitute, [Dkt. No. 117], is DENIED. However, the Court instructs the Medical Defendants to provide Plaintiff with notice as to the identity of the executor or representative of Nurse Carver's estate, or, in the alternative, notice that such representative cannot be discovered. Within 30 days of such notice, Plaintiff shall have the opportunity to file a motion to substitute with the proper party.

### B.  Request to File a Supplemental Pleading

In his reply letter, Plaintiff notes that circumstances arising from his transfer to Bayside State Prison have limited his ability to fully address issues relating to the motion to substitute a party and thus requests that he be given leave of thirty days to file a supplemental pleading under Rule 15(d). Dkt. No 125. It is somewhat unclear precisely how Plaintiff seeks to supplement the original complaint in order to cure deficiencies resulting from the death of Nurse Carver. However, being that Plaintiff now will have an opportunity to submit a new motion to substitute, the request

for a supplemental pleading is DENIED.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

IT IS on this on this 13th day of November, 2023,

**ORDERED** that Plaintiff's motion to substitute a party is **DENIED**; and it is further

**ORDERED** that Defendants are instructed to notify Plaintiff with the name of the executor or representative of Nurse Carver's estate, or, in the alternative, notice stating that such a representative could not be found; and it is further

**ORDERED** that Plaintiff shall have 30 days from receipt of said notice to file a renewed motion to substitute on the proper party; and it is further

**ORDERED** that Plaintiff's request to file a supplemental pleading is **DENIED**; and it is further

**ORDERED** that Defendants' motion for summary judgment shall be reinstated following the expiration of the 30-day period.

/s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**